UNITED STATES DISTRICT COURT
**SUMMONS ISSUED** EASTERN DISTRICT OF NEW YORK
IN ADMIRALTY

**CV 12 6278**

GREAT LAKES REINSURANCE
(UK)PLC,

     Plaintiff,

vs.

MARIUS FORTELNI,

     Defendant.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 2 1 2012 ★

LONG ISLAND OFFICE

CASE NO. CV 12 6278
Spatt, J.
Wall, M.J.

SPATT, J.
WALL, M.J.

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, GREAT LAKES REINSURANCE (UK) PLC, by and through its undersigned attorneys, and for its Complaint seeking this Court's Declaratory Judgment would respectfully state as follows:

### JURISDICTION AND VENUE

1.    This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 et seq, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2.    Venue lies within the Eastern District of New York as this cause arises out of a policy of marine insurance delivered by Plaintiff to the Assured named therein, the Defendant MARIUS FORTELNI, residing at 355 Middle Line Highway, Sag Harbor, New York 11963.

1

3.      This is an admiralty and maritime cause within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United

States Code, sec. 1333.

4.      Plaintiff, GREAT LAKES REINSURANCE (UK) PLC, (hereinafter "GREAT

LAKES") is a corporation organized and existing under the laws of the United Kingdom, with its

office and principal place of business located in the United Kingdom, in the City of London.

5.      Upon information and belief, the Defendant MARIUS FORTELNI (hereinafter

"FORTELNI") is a private citizen and resident of the State of New York.


**FACTUAL ALLEGATIONS**

6.      On or about August 11, 2010, Defendant "FORTELNI" submitted to the Plaintiff, via

Defendant's agent, an application for a policy of marine insurance. Such a submission was a routine

aspect of the Plaintiff's procedure for considering whether to agree to provide insurance coverage.

7.      A true and correct copy of the said application form completed and signed by

Defendant, and submitted to Plaintiff on or about August 11, 2010 by and on behalf of the Defendant

by his agent is attached hereto as Exhibit "A."

8.      Plaintiff agreed to issue a policy of marine insurance based upon the representations

set forth in, and the material information disclosed in, the application form which is attached hereto

as Exhibit "A."

9.      Thereafter, on or about July 12, 2012, Defendant "FORTELNI" submitted to the

Plaintiff, via Defendant's agent, a renewal questionnaire seeking to renew the policy of marine

2

insurance which had been issued by the Plaintiff. Such a submission was a routine aspect of the Plaintiff's procedure for considering whether to agree to renew the initial marine insurance coverage.

10.     A true and correct copy of the said renewal questionnaire form completed and signed by Defendant, and submitted to Plaintiff on or about July 12, 2012 by and on behalf of the Defendant by his agent is attached hereto as Exhibit "B."

11.     Plaintiff agreed to issue its Policy No. OSPYP/137770 based upon the representations set forth in, and the material information disclosed in, the renewal questionnaire form which is attached hereto as Exhibit "B."

12.     On or about August 14, 2012, Plaintiff "GREAT LAKES" in exchange for good and valuable consideration issued to the Defendant "FORTELNI" its Marine Insurance Policy No. OSPYP/137770 affording Hull & Machinery coverage in the amount of $425,000.00 for the 1997 58 ft Sunseeker motor yacht which was owned by the said Defendant.

13.     A true and correct copy of the Declarations Page and the policy language for Plaintiff's Policy No. OSPYP/137770 is attached hereto as Exhibit "C."

14.     On   or   about   October   30,   2012,   while   Plaintiff's   Policy No. OSPYP/137770 was in full force and effect, the 1997 58 ft Sunseeker motor yacht which was owned by the said Defendant  sustained extensive damage when seawater intruded into the vessel's engine spaces due to the failure of a worn out and corroded clamp.

15.  Upon receipt of the first notice of the October 30, 2012 incident described herein, Plaintiff caused an investigation to be made into the facts and circumstances surrounding the said incident. The said investigation established that the damages sustained by the insured vessel were not

3

due to anything of a fortuitous nature and was not an event for which Plaintiff's policy of marine insurance would afford any coverage.

16. The said investigation established that the vessel owned by the Defendant was in unseaworthy condition as of the date and time of the October 30, 2012 incident described herein.

17. The said investigation established that the damages sustained by the insured vessel were caused by wear and tear, gradual deterioration, corrosion, etc.

18. Notwithstanding the facts established by Plaintiff's said investigation, Defendant has made a claim against the Plaintiff under the terms of Policy No. OSPYP/137770 demanding payment of the full price for effecting extensive repairs to the vessel insured under the terms of the said policy.

### FIRST CAUSE OF ACTION

19. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 18 as if set forth fully herein.

20. Plaintiff's policy states, in pertinent part:

2. INSURING AGREEMENT

This is a legally binding insurance contract between you and us, incorporating in full the application signed by you. We will provide the insurance coverage described in this insuring agreement, in return for payment to us of the premium due and compliance by covered persons with the provisions, conditions and warranties of this insuring agreement.

4

3. _____ Coverage A, Hull, Machinery, Equipment and Dinghy

If a sum insured is shown for Section "A" of the insuring agreement declarations page, we provide coverage for *accidental physical loss* of, or damage to a scheduled vessel which occurs during the period of this insuring agreement and within the limits set out in the insuring agreement declarations page, subject to the insuring agreement provisions, conditions, warranties. deductibles and exclusions.

21.     The incident in which the Defendant's vessel sustained damage on October 30, 2012 does not constitute an accidental physical loss for which coverage would be afforded under the express terms and provisions of Plaintiff's policy of marine insurance.

22.     Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the vessel insured under the said terms of the said policy of marine insurance

23.     As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. OSPYP/137770.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policies construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policies.

24.     As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the

5

existence of valuable rights under the terms of the policies of marine insurance, and a <u>bona</u> <u>fide,</u>

actual and present dispute exists calling for this Court's Declaratory Judgment.

## SECOND CAUSE OF ACTION

25.    Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6

through 18 as if set forth fully herein.

26.   Plaintiff's policy states, in pertinent part:

> 9.  General Conditions & Warranties
>
> ******
>
> b)    It is warranted that the scheduled  vessel is seaworthy at all
> times during the duration of this insuring agreement. Breach
> of this warranty will void this  insuring agreement from its
> inception.

27.   The post-incident investigation carried out by the Plaintiff established that the vessel

owned by the Defendant was in unseaworthy condition as of the date and time of the October 30,

2012 incident described herein.

28.    The Defendant "FORTELNI" were therefore in direct violation of the said express

warranty set forth in Plaintiff's policy of marine insurance and therefore was in breach of the duties

imposed upon the Defendant by the express terms of the Plaintiff's policy.

29.    Defendant's breach of the express warranty set forth in the Plaintiff's policy of marine

insurance renders the said policy void *ab initio* and/or entitles the Plaintiff to declare the said policy

void.

6

30.      Defendant's breach of the warranty set forth in the Plaintiff's policy of marine insurance permits the Plaintiff to avoid liability for the costs of repairing or replacing the vessel as a result of the incident of October 30, 2012.

31.      Notwithstanding the said breach of an express warranty and the lack of any coverage under Plaintiff's policy of marine insurance, Defendant "FORTELNI" has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or in the alternative, to replace, the vessel insured under the terms of the said policy of marine insurance.

32.      As a result of the Defendant's breach of an express warranty and the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. OSPYP/137770.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policies construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policies.

33.      As a result of the Defendant "FORTELNI's" demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a <u>bona fide,</u> actual and present dispute exists calling for this Court's Declaratory Judgment.


### THIRD CAUSE OF ACTION

34.      Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 18 as if set forth fully herein.

7

35. Plaintiff's policy states, in pertinent part:

### Exclusions to Coverage A

Unless specifically agreed by us in writing and additional premium charged the following losses and/or damages (whether incurred directly or indirectly) are not covered by this insuring agreement:

******

b)      Losses due to wear and tear, gradual deterioration, lack of maintenance, inherent vice, weathering, insects, mould, animal and marine life.

36.      The incident in which the Defendant's vessel sustained damage on October 30, 2012 was due to wear and tear, etc., for which coverage is excluded under the express terms and provisions of Plaintiff's policy of marine insurance.

37.      Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the vessel insured under the said terms of the said policy of marine insurance.

38.      As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. OSPYP/137770. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policies

8

construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policies.

39.     As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justifiable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a <u>bona fide</u>, actual and present dispute exists calling for this Court's Declaratory Judgment.

## FOURTH CAUSE OF ACTION

40.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 18 as if set forth fully herein.

41.  Plaintiff's policy states, in pertinent part:

### Exclusions to Coverage A

Unless specifically agreed by us in writing and additional premium charged the following losses and/or damages (whether incurred directly or indirectly) are not covered by this insuring agreement:

******

r)     Damage to the Scheduled Vessel's engines, mechanical and electrical parts, unless caused by an accidental external event such as collision, impact with a fixed or floating object, grounding, stranding, ingestion of foreign object, lightning strike or fire.

42.     The incident in which the Defendant's vessel sustained damage on October 30, 2012 was not caused by an accidental external event such as collision, etc., and coverage is therefore excluded under the express terms and provisions of Plaintiff's policy of marine insurance.

9

43.     Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the vessel insured under the said terms of the said policy of marine insurance.

44.     As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. OSPYP/137770. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policies construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policies.

45.     As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.


WHEREFORE, Plaintiff demands judgment from the Court:

(A)     Declaring that the relationship of insurer and insured does not exist between Plaintiff and Defendant "FORTELNI" as regards the incident of October 30, 2012 in which the insured vessel sustained damage;

(B)    Declaring that Plaintiff's Policy No. OSPYP/137770 does not afford coverage to the Defendant "FORTELNI" for the incident of October 30, 2012 in which the insured vessel sustained damage;

(C)    Declaring that neither the incident of nor the damage resulting from the incident of October 30, 2012 constitute an accidental physical loss;

(D)    Declaring that the breach of the policy's warranty of seaworthiness by the Defendant as described herein voids the Plaintiff's Policy No. OSPYP/137770 *ab initio* and relieves the Plaintiff from any and all liability to the said Defendants under the terms of the Hull & Machinery coverage afforded under the said policy of marine insurance;

(E).    Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

Dated:        December 20, 2012
              Mineola, New York

                            KELLY, RODE & KELLY, LLP
                            Attorney for Plaintiff
                            330 Old Country Road, Suite 305
                            Mineola, New York 11501
                            Tel (516) 739-0400
                            Fax (516) 739-0434

                    By: _____
                            JOHN W. HOEFLING, ESQ.
                            (jwhoefling@krklaw.com)

11

GOLDMAN & HELLMAN
Attorneys for Plaintiff
315 S.E. 7th Street
Suite 200
Fort Lauderdale, Florida 33316
Tel (954) 356-0460
Fax (954) 832-0878